ROBERTA STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
JAMES H. BAKER, SBN 291836 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (650) 684-0950
Fax No. (415) 522-3425
james.baker@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CAPPO MANAGEMENT XXIX, INC. d/b/a HARROLD FORD, and VICTORY AUTOMOTIVE GROUP, INC.<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**CIVIL RIGHTS – EMPLOYMENT DISCRIMINATION**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 *et. seq.*, (ADA) to correct unlawful employment practices on the basis of perceived disability and to provide appropriate relief to Aryan Rahimi who was adversely affected by such practices.  The U.S. Equal Employment Opportunity Commission (Plaintiff or EEOC) alleges that Cappo Management XXIX, Inc., d/b/a Harrold Ford (Ford) and Victory Automotive Group, Inc. (Victory) (collectively, Defendants), acting as joint employers, violated the ADA when they wrongfully terminated Ms. Rahimi's employment on the basis of her actual or perceived impairment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3) (Title VII), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Defendants committed the alleged unlawful employment practices in Sacramento County, California, which is within the jurisdiction of the United States District Court for the Eastern District of California sitting in Sacramento, California.

## INTRADISTRICT ASSIGNMENT

3. This action is appropriate for assignment to the Sacramento Division of this Court because the unlawful employment practices alleged were committed within Sacramento County, which is within the jurisdiction of the Sacramento Division.

## PARTIES

4. Plaintiff, the U.S. Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII.

5. At all relevant times, Defendant, Cappo Management XXIX, Inc. d/b/a Harrold Ford, has been a California corporation continuously doing business in the City of Sacramento, California and employing at least fifteen (15) employees.

6. At all relevant times, Defendant, Victory Automotive Group, Inc., has been a Michigan corporation, registered with the State of California, continuously doing business in the City of Sacramento, California, and employing at least fifteen (15) employees.

7. At all relevant times, Defendants shared common ownership and executive management.

8. At all relevant times, Defendants shared the ability to hire, supervise, discipline and terminate Aryan Rahimi.

9. At all relevant times, Defendants shared the ability to assign Ms. Rahimi work assignments, and to determine the nature of those work assignments.

10. At all relevant times, Defendants shared control over Ms. Rahimi's work schedule.

11. At all relevant times, Defendants shared control over Ms. Rahimi's work site.

12. At all relevant times, Defendants had shared managerial and human resource personnel and personnel resources, such as payroll/accounting systems, employee policies, legal resources, advertisement resources, and health care plans.

13. At all relevant times, Defendants, together, have conducted business as joint employers.

14. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

15. At all relevant times, Defendants have been covered entities under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

16. More than thirty (30) days prior to the institution of this lawsuit, Charging Party Aryan Rahimi filed a charge of discrimination with the EEOC against Defendant Ford alleging that Ford discriminated against her in violation of Title I of the ADA.

17. More than thirty (30) days prior to the institution of this lawsuit, Charging Party Aryan Rahimi filed a charge of discrimination with the EEOC against Defendant Victory alleging that Victory discriminated against her in violation of Title I of the ADA.

18. By letters dated August 6, 2019, the EEOC issued to Defendants Determinations finding reasonable cause to believe that Defendants violated Title I of the ADA and invited Defendants to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

19. The EEOC communicated with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Determinations and to provide appropriate

relief.

20. The EEOC was unable to secure from Defendants a conciliation agreement acceptable to the EEOC.

21. By letters dated September 24, 2019, the EEOC issued to Defendants notice that efforts to conciliate were unsuccessful and that further conciliation efforts would be futile or non-productive.

22. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

23. Since at least October 31, 2018, Defendants have engaged in unlawful employment practices in violation of Sections 102(a) of Title I of the ADA, 42 U.S.C. §§ 12112(a). Defendants discriminated against Aryan Rahimi when they terminated her employment because they regarded her as disabled.

24. Defendants hired Ms. Rahimi as a Title Clerk in or around August 2018, after concluding that she had the requisite background, skill and experience to perform the job duties.

25. On or around, October 12, 2018, Ms. Rahimi was admitted to the hospital due to extreme pain in her abdominal area. A few days later, Ms. Rahimi informed Defendants that she was still in the hospital and awaiting diagnosis.

26. On or around October 17, Ms. Rahimi informed Defendants that she had been transported to a different medical facility to see a specialist, and that the doctors were "afraid [her] body might shut down."

27. On or around October 20, Ms. Rahimi submitted doctor's notes to Defendants informing them that she was being put off-work until October 26, 2018. Ms. Rahimi later clarified that she expected to be off work until October 29.

28. A few days later, Ms. Rahimi's managers discussed amongst themselves Ms. Rahimi's hospitalization for possible liver or kidney failure. They then discussed terminating Ms. Rahimi.

29. On or around October 29, 2018, Ms. Rahimi advised Defendants that her doctors thought she might have pancreatic cancer, but that she would be returning to work on November 1,

2018.

30. On the evening of October 29, Ms. Rahimi's managers learned that her doctors believed that Ms. Rahimi had pancreatic cancer. The managers then, for the first time, discussed their policy of terminating employees after a two-week absence, despite Ms. Rahimi having already been absent for longer than two weeks.

31. Despite referencing the policy, Ms. Rahimi's managers continued to muse whether to retain her notwithstanding the policy.

32. On October 30, Defendants called Ms. Rahimi ostensibly to determine whether Ms. Rahimi still planned to return to work on November 1. After that call, Defendants concluded that Ms. Rahimi was more impaired than she was letting on, and that there was "no way" Ms. Rahimi would be able to report to work on November 1.

33. On October 31, Defendants decided to terminate Ms. Rahimi and to have her contact them when she was "ready and able to work full time."

34. Later that day, Defendants called Ms. Rahimi to inform her of her termination, and to advise her to "focus on her health." When Ms. Rahimi asked why she was being terminated, she was told that it was a corporate decision. Ms. Rahimi maintained that she was planning to return to work the next day, on November 1, 2018. But Defendants fired her anyway.

35. On or around November 1, Defendants sent Ms. Rahimi a termination letter advising her that her termination was "not a reflection of your performance in your job," and that Defendants hoped that Ms. Rahimi was "recuperating and getting [her] strength back."

## **CAUSE OF ACTION**

36. On or around October 31, 2018, Defendants terminated Ms. Rahimi's employment due to her actual or perceived impairment, including cancer, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a).

37. The effect of the practices complained of in paragraphs 22 through 34 above have been to deprive Ms. Rahimi of equal employment opportunities and otherwise adversely affect her status as an employee because of her actual or perceived impairment.

38. The unlawful employment practices complained of in paragraphs 22 through 34 above were and are intentional.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of perceived disability.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with perceived disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Ms. Rahimi by providing appropriate back pay with interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

D. Order Defendants to make whole Ms. Rahimi by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 22 through 34 above, including past and future out-of-pocket losses, in amounts to be determined at trial.

E. Order Defendant to make whole Ms. Rahimi by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 22 through 34 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

///

///

///

# JURY TRIAL DEMAND

Plaintiff EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

Dated:  November 10, 2020

BY:  */s/ Roberta L. Steele*
    Roberta L. Steele
    Regional Attorney

BY:  */s/ Marcia L. Mitchell*
    Marcia L. Mitchell
    Supervisory Trial Attorney

BY:  */s/ James H. Baker*
    James H. Baker
    Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (650) 684 0934
Fax No. (415) 522-3425
James.baker@eeoc.gov

SHARON FAST GUSTAFSON
General Counsel

ROBERT A. CANINO
Acting Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

Office of the General Counsel
131 "M" Street NE
Washington, D.C. 20507