UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CAPPO MANAGEMENT XXIX, INC. d/b/a HARROLD FORD, and VICTORY AUTOMOTIVE GROUP, INC.,<br><br>Defendants. | No. 2:20-cv-02245<br><br><br><br>**ORDER** |

Through this action, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed this lawsuit against Defendants on November 10, 2020. Aryan Rahimi ("Rahimi") filed a Charge of Discrimination that led to the EEOC's suit. She states that she was affected by the discrimination alleged in the EEOC's Complaint. Presently before the Court is Rahimi's Motion to Intervene under Federal Rule of Civil Procedure 24 filed March 1, 2021. ECF No. 6 ("Motion"). The EEOC has filed a Statement of Non-Opposition. ECF No. 13. Defendants have not opposed the Motion. Rahimi ultimately seeks to join the EEOC's claim for violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(a), and to raise additional claims both under the California Fair Employment and Housing Act, Cal. Gov't Code § 12940, and under California common

law claim for wrongful termination in violation of public policy. Motion, at 2-3. She petitions the Court to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over her state law claims. Motion, at 4. For the reasons that follow, Rahimi's Motion is GRANTED.

Under Rule 24(a), intervention of right shall be permitted when federal statute confers the unconditional right to intervene in the action. Title VII provides individuals a right to intervene. See 42 U.S.C. § 2000e–5 (f)(1) ("[T]he person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC] . . . ."). "Most courts agree that this statutory provision permits individuals an 'unconditional right to intervene' under Rule 24(a)(1) in a Title VII enforcement action brought by the EEOC against the employer." E.E.O.C. v. Giumarra Vineyards Corp., No. 1:09-CV-02255-OWW, 2010 WL 3220387, at *2 (E.D. Cal. Aug. 13, 2010). The Court thus determines that Plaintiff-Intervenor has a right to intervene.

Rule 24(a) imposes the additional requirement that the application to intervene be timely. In order to determine timeliness, the Court considers the length of time between the intervenor's learning of his interest and filing, the prejudice to the defendant(s) from intervention, the prejudice to the intervenor from a denial of intervention, and any unusual circumstances. See Smith v. Los Angeles Unified Sch. Dist., 830 F.3d 843, 854 (9th Cir. 2016). Rahimi sought to intervene less than three months after the filing of the Complaint and before Defendants served their Answer. See Answer, ECF No. 8 (filed two days after the instant Motion). Based on the early stage of litigation in this matter and the low risk of prejudice to Defendants, the Court deems the Motion timely.

Finally, the Court at this time elects to exercise supplemental jurisdiction over Rahimi's state law claims. See 28 U.S.C. § 1367(a). Supplemental jurisdiction over state claims is appropriate when the claims "derive from a common nucleus of operative fact, such that the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 165 (1997) (quoting Mine

Workers v. Gibbs, 383 U.S. 715, 725 (1966)) (internal quotation marks omitted) (alteration original).  Here, the federal and state claims facially appear sufficiently related so as to satisfy "the values of judicial economy, convenience, fairness, and comity" in considering these claims together.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).

In light of the foregoing:

1. The motion to intervene (ECF No. 6) filed by Aryan Rahimi is GRANTED.

2. Plaintiff-Intervenor is instructed to file her Complaint within five (5) days of the date this Order is electronically filed.

IT IS SO ORDERED.

Dated:  March 31, 2021

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE