ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
JAMES H. BAKER, SBN 291836 (CA)
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone No. (650) 684-0950
Fax No. (415) 522-3425
james.baker@eeoc.gov

*Attorneys for Plaintiff EEOC*

ELIZABETH Zareh, ESQ., SBN 182871 (CA)
Zareh & Associates
75 Broadway, Suite 202
San Francisco, California 94111
Telephone (415) 830-3031
Facsimile (415) 830-3031
Email: elizabeth@zarehassociates.com

*Attorneys for Plaintiff-Intervenor*

DIANE AQUI, SBN 217087 (CA)
SMITH DOLLAR PC
418 B Street, Fourth Floor
Santa Rosa, CA 95401
Telephone No. (707) 522-1100
Fax No. (707) 522-1101
daqui@smithdollar.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>and<br><br>ARYAN RAHIMI,<br><br>Plaintiff-Intervenor,<br><br>vs.<br><br>CAPPO MANAGEMENT XXIX, INC., d/b/a HARROLD FORD, and VICTORY AUTOMOTIVE GROUP, INC.<br><br>Defendants. | Case No.: 2:20-CV-02245-MCE-KJN<br><br>**JOINT RULE 26(F) DISCOVERY PLAN & ORDER** |

Plaintiff U.S. Equal Employment Opportunity Commission (EEOC), Plaintiff-Intervenor Aryan Rahimi (Rahimi), and Defendants Cappo Management XXIX, Inc. (Cappo) and Victory Automotive Group, Inc. (Victory) (collectively, Defendants), submit this Joint Rule 26(f) Discovery Plan & Order pursuant to the Court's Initial Scheduling Order (ECF 3).

## I. JURISDICTION & VENUE

This Court has jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

On April 4, 2021, Rahimi intervened in the action, bringing claims under the ADA and California Fair Employment and Housing Act (FEHA), Cal. Gov't Code §§ 12920, 12940. The Court has supplemental jurisdiction over Rahimi's state claims pursuant to 28 U.S.C. § 1367(a). Defendants filed an Answer to the Plaintiff's Complaint on March 3, 2021 (ECF 8), and an Answer to the Plaintiff-Intervenor's Complaint on April 26, 2021. (ECF 19) On May 11, 2021, Rahimi filed a First Amended Complaint in Intervention to assert additional claims under FEHA. (ECF 21). Defendants do not oppose subject matter jurisdiction or venue as they relate to Plaintiff or Plaintiff-Intervenor's claims.

## II. LEGAL ISSUES

A. Whether Defendants engaged in unlawful employment practices in violation of the ADA and/or FEHA by depriving Rahimi of equal employment opportunities and otherwise adversely affecting her status as an employee because of her actual or perceived impairment when they fired her after she took medical leave;

B. Whether Defendants were joint employers of Rahimi;

C. Whether Rahimi is entitled to compensatory damages for emotional distress, pain and suffering, other incidental expenses incurred, backpay, lost benefits and other damages; and,

D. Whether Plaintiff is also entitled to injunctive relief necessary to eradicate the effects of discrimination and to prevent future discrimination.

## III. DISCOVERY PLAN

**A. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

In accordance with the parties' stipulation (ECF No. 17), the Court ordered that the parties exchange Initial Disclosures on May 17, 2021, pursuant to the Northern District of California's General Order No. 71 (Initial Discovery Protocols for Employment Cases Alleging Adverse Action) (ECF No. 20).

**B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties agree to narrow discovery in preparation for early ADR by limiting initial discovery to written discovery. *See* paragraph E, below. Without waiving any rights to challenge discoverability, admissibility, or otherwise, the parties anticipate that discovery will be on those subjects related to Plaintiff's and Plaintiff-Intervenor's claims and damages, and Defendants' defenses, including, but are not limited to the following:

1. Defendants' decision to terminate Rahimi;
2. The application of Defendants' leave policies;
3. Rahimi's status as a qualified individual with a disability;
4. The interactive process between Rahimi and Defendants;
5. Defendants' relevant company policies, including HR and EEO policies;
6. The relevant personnel records of the officials involved in Rahimi's termination, including their disciplinary records;
7. The training Defendants provided to officials involved in Rahimi's termination, including training related to EEO laws and policies;
8. The corporate relationship between Cappo and Victory; and
9. Rahimi's damages.

**C. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

1. **Preservation of ESI**

The parties met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve potentially relevant ESI. The parties continue to explore the existence of custodians and systems, such as those used for instant messaging. The parties will continue these discussions in anticipation of seeking a Stipulated Order regarding ESI within thirty (30) days.

**2. Discovery and Form of Production**

The parties will conduct, serve, and respond to discovery in accordance with the Federal Rules of Civil Procedure and Local Rules. Discussions relating to what search and review methodology each party will employ for potentially relevant ESI are ongoing. The EEOC provided Defendants with its written specifications to produce discovery in accordance with industry standards for the Relativity platform. Defendants requested that discovery be produced in the form of PDFs. The parties are meeting and conferring concerning the form of Defendants' ESI collection and production.

**D. Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

**1. Preservation of ESI**

The parties agree and stipulate that the following categories of documents shall be excluded from privilege logs:

    (a)    Attorney-client privilege:

        (1)    Communications between Smith Dollar PC attorneys and Defendants that post-date the filing of the Complaint concerning Rahimi (ECF No. 1);

        (2)    Communications between Defendants' in-house counsel (or amongst its in-house counsel) and Defendants' management personnel that post-date the filing of Rahimi's November 22, 2018 Charge of Discrimination;

        (3)    Communications between Rahimi and her attorney(s) that post-

|   |   |   |   |
|---|---|---|---|
| 1 | | | date the filing of Rahimi's November 22, 2018 Charge of |
| 2 | | | Discrimination; |
| 3 | | (4) | Communications between EEOC employees and Charging |
| 4 | | | Party or her attorney(s) after the EEOC issued the Letter of |
| 5 | | | Determination on August 6, 2019; and, |
| 6 | | (5) | Communications between or amongst EEOC enforcement (i.e. |
| 7 | | | investigation) staff and EEOC legal staff that post-date the |
| 8 | | | filing of Rahimi's November 22, 2018 Charge of |
| 9 | | | Discrimination. |

(b) <u>Attorney work product</u>:

(1) Documents created by Smith Dollar PC attorneys and/or Defendants' in-house counsel that post-date the filing of Rahimi's November 22, 2018 Charge of Discrimination;

(2) Documents created by Rahimi's attorney(s) that post-date the filing of Rahimi's November 22, 2018 Charge of Discrimination; and,

(3) Documents created by EEOC attorneys that post-date the filing of Rahimi's November 22, 2018 Charge of Discrimination.

**2.  <u>Fed. R. Evid. 502(d) Inadvertent Productions</u>**

The parties also agreed to seek a Fed. R. Evid. 502(d) Stipulation and Order, based on the Northern District of California's Model Order, to address inadvertent productions, which the parties can incorporate into a Joint E-Discovery Order. The parties anticipate seeking this order within 30 days.

**E.  What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties agree that it would be beneficial to engage in early ADR through private mediation after targeted discovery. The parties agree to limit discovery to written discovery until the completion of ADR. The parties do not currently anticipate seeking other discovery limitations.

The parties agree to meet and confer, and attempt to achieve a joint resolution, regarding all discovery disputes before seeking judicial intervention.

The parties continue to meet and confer concerning the collection and format of ESI produced in discovery. There are no current discovery disputes.

**F.      Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

None at this time.

## IV.    CASE SCHEDULING

The Court's Initial Pretrial Scheduling Order (ECF 3) sets forth deadlines, including for the parties to complete non-expert discovery and to file dispositive motions. The parties calculate the deadlines as follows:

| EVENT | DEADLINE |
| --- | --- |
| Deadline to complete non-expert discovery | February 16, 2022 |
| Deadline for expert witness disclosures | April 18, 2022 |
| Deadline for rebuttal expert witness disclosures | May 18, 2022 |
| Joint Trial Readiness Report (if no dispositive motions are filed) | June 17, 2022 |
| Dispositive Motions | August 15, 2022 |

In addition, the parties propose that the Court set **June 17, 2021**, as the deadline for the parties to amend their pleadings. Good cause exists for extending the last day to amend pleadings, because: 1) the parties continue to meet and confer concerning the claims and/or affirmative defenses alleged in this case, and 2) the proposed new deadline will not affect any other deadlines in the case.

The parties also propose that the Court set **August 1, 2022**, as the deadline for the parties to complete expert discovery. Good cause exists for doing so because: 1) the Initial Pretrial Scheduling Order does not currently address this deadline, 2) the proposed deadline will not affect any other deadlines in the case, and 3) this proposed deadline will encourage the parties to complete all expert

discovery before dispositive motions, thus avoiding the potential for expert discovery to disrupt the dispositive motion briefing schedule.

**V.     SETTLEMENT AND ADR**

The parties are willing to participate in private mediation following written discovery.  The parties anticipate completing private mediation by September 30, 2021.

## **ORDER**

Therefore, the parties hereby stipulate to and request that the Court order the following relief:

1. The deadline to amend pleadings shall be **June 17, 2021**.
2. The deadline to complete expert discovery shall be **August 1, 2022**.

Respectfully Submitted,

Dated: May 17, 2021                              */s/ James H. Baker*
                                                                James H. Baker
                                                                Trial Attorney
                                                                U.S. EQUAL EMPLOYMENT
                                                                OPPORTUNITY COMMISSION
                                                                *Attorneys for Plaintiff*

Dated: *Authorized on May 17, 2021*       */s/ Elizabeth Zareh*
                                                                Elizabeth Zareh
                                                                ZAREH & ASSOCIATES
                                                                *Attorneys for Plaintiff-Intervenor*

Dated: *Authorized on May 17, 2021*       */s/ Diane Aqui*
                                                                Diane Aqui
                                                                SMITH DOLLAR, PC.
                                                                *Attorneys for Defendants*

IT IS SO ORDERED.
Dated:  May 28, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE